

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*  *(973) 645-2700*
*Newark, New Jersey 07102*

July 1, 2020

Patrick McMahon, Esq.
Office of the Federal Public Defender
1002 Broad Street
Newark, New Jersey

> Re: <u>Plea Agreement with Demi Abraham</u>

Dear Mr. McMahon:

This letter sets forth the plea agreement between your client, Demi Abraham ("ABRAHAM") and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on July 15, 2020, if it is not accepted in writing by that date.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from ABRAHAM to a two-count Information that charges (Count One) that in or about July 2019, ABRAHAM did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C); and (Count Two) that in or about August 2019, ABRAHAM did knowingly and intentionally distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B). If ABRAHAM enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against ABRAHAM for distribution of cocaine, a Schedule II controlled substance, in or around July and August 2019. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, ABRAHAM agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by ABRAHAM may

be commenced against him, notwithstanding the expiration of the limitations period after ABRAHAM signs the agreement.

Sentencing

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to which ABRAHAM agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000, or (2) twice the gross profits or other proceeds to ABRAHAM.

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) to which ABRAHAM agrees to plead guilty in Count Two of the Information carries a statutory minimum prison sentence of 5 years and a statutory maximum prison sentence of 40 years and a statutory maximum fine equal to the greatest of: (1) $5,000,000, or (2) twice the gross profits or other proceeds to ABRAHAM.

The sentences on Counts One and Two may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon ABRAHAM is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence ABRAHAM ultimately will receive.

Further, in addition to imposing any other penalty on ABRAHAM, the sentencing judge: (1) will order ABRAHAM to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order ABRAHAM to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 21 U.S.C. § 853; (4) may deny ABRAHAM certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a.

With respect to Count One, pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, the sentencing judge must require ABRAHAM to serve a term of supervised release of at least 3 years, which will begin at the expiration of any term of imprisonment imposed. Should ABRAHAM be placed on a term of supervised release and subsequently violate any of the conditions of supervised

release before the expiration of its term, ABRAHAM may be sentenced to not more than three years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

With respect to Count Two, pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, the sentencing judge must require ABRAHAM to serve a term of supervised release of at least 4 years, which will begin at the expiration of any term of imprisonment imposed. Should ABRAHAM be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, ABRAHAM may be sentenced to not more than five years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on ABRAHAM by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of ABRAHAM's activities and relevant conduct with respect to this case.

## Stipulations

This Office and ABRAHAM agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such

stipulation. A determination that any stipulation is not binding shall not release either this Office or ABRAHAM from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and ABRAHAM waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

ABRAHAM agrees that as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982, he will forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses.

ABRAHAM further consents to the entry of a forfeiture money judgment in the amount representing the proceeds of the offense charged in the Information and the property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses, pursuant to 21 U.S.C. § 853 (the "Forfeiture Money Judgment"). Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service with the criminal docket number noted on the face of the check. ABRAHAM shall cause said check to be delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

ABRAHAM waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, ABRAHAM consents to the entry of a Consent Judgment of Forfeiture that will be final as to ABRAHAM prior to ABRAHAM's sentencing. ABRAHAM understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in

this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.  It is further understood that any forfeiture of ABRAHAM's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.  ABRAHAM hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

ABRAHAM understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  ABRAHAM understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  ABRAHAM wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  ABRAHAM understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, ABRAHAM waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against ABRAHAM.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against ABRAHAM.

No provision of this agreement shall preclude ABRAHAM from pursuing in an appropriate forum, when permitted by law, an appeal, collateral

attack, writ, or motion claiming that ABRAHAM received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between ABRAHAM and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: OLAJIDE A. ARAROMI
Assistant U.S. Attorney

APPROVED:

JAMEL K. SEMPER
Chief, Violent Crimes Unit

I have received this letter from my attorney, Patrick McMahon, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 7-16-20
DEMI ABRAHAM

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 7-16-20
PATRICK McMAHON, Esq.

- 8 -

Plea Agreement with DEMI ABRAHAM ("ABRAHAM")

Schedule A

1. This Office and ABRAHAM recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and ABRAHAM nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence ABRAHAM within the Guidelines range that results from the total Guidelines offense level set forth below, subject to any applicable statutory mandatory minimum of 60 months imprisonment. This Office and ABRAHAM further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level, subject to any applicable statutory mandatory minimum.

2. The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case. The applicable guideline is U.S.S.G. § 2D1.1.

3. The offense involved a quantity of cocaine in excess of 500 grams, triggering a statutory mandatory minimum prison sentence of 60 months. More specifically, the charged offenses involved approximately 413.8 and 620.7 grams of cocaine, respectively. Pursuant to Application Note 7 to U.S.S.G. § 2D1.1, "[w]here there are multiple transactions or multiple drug types, the quantities of drugs are to be added," after being converted using the Drug Conversion Tables. Pursuant to application note 8(d) to U.S.S.G. § 2D1.1, one gram of cocaine is converted to 200 grams. Based on these conversion numbers, the 413 grams of cocaine is converted into 82.6 kilograms and the 620.7 grams of cocaine is converted into 124.14 kilograms, resulting in an approximate total weight of 206 kilograms (the "Converted Drug Weight"). Thus, the Base Offense Level is 24 because the Converted Drug Weight is at least 100 kilograms, but less than 400 kilograms. *See* U.S.S.G. § 2D1.1(c)(8).

4. As of the date of this letter, it is expected that ABRAHAM will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and ABRAHAM's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

5. As of the date of this letter, it is expected that ABRAHAM will assist authorities in the investigation or prosecution of his own misconduct by

timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in ABRAHAM's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) ABRAHAM enters a plea pursuant to this agreement, (b) this Office in its discretion determines that ABRAHAM's acceptance of responsibility has continued through the date of sentencing and ABRAHAM therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) ABRAHAM's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

6. In accordance with the above, the parties agree that the total Guidelines offense level applicable to ABRAHAM will be 21 (the "agreed total Guidelines offense level").

7. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable, subject to the 60 month statutory mandatory minimum.

8. ABRAHAM knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 21, subject to the 60 month mandatory minimum. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 21, subject to the 60-month mandatory minimum. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

9. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.